**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ANGELA K. WALLACE, | * | |
| Plaintiff | * | |
| v. | * | Civil Action  MJM-21-1701 |
| JULIE A. HILL, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

For the reasons stated in the Court's letter, filed contemporaneously with this Order, it is this   28th   day of March, 2022,

ORDERED that information and documents provided by third parties in response to the subpoenas referenced in the Court's letter shall be designated confidential and subject to the following provisions:

(a) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (b) below for any purposes whatsoever other than preparing for and conducting the above-referenced litigation.

(b) Counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to **the individual plaintiff or the individual defendant** or to any other person or entity, except that disclosures may be made in the following circumstances:

  (i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the instant lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

  (ii) Disclosure may be made to any court reporters engaged for any deposition of Evert R. Hawk, II and any person specifically engaged for the limited purpose of making photocopies of documents for the purpose of any such deposition. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (iii)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(c) Except as provided in subparagraph (b) above, counsel for the parties shall keep all documents designated as confidential under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(d) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(e) A designation of confidentiality may be challenged through the informal discovery dispute procedure outlined in the Standing Order Concerning Discovery (ECF 29).

(f) To the extent that any confidential materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials are not properly classified as confidential, the filing party shall file the Interim Sealing Motion, provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under subparagraph (e) above.

(g) No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

(h) At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party or non-party. If the originating party or non-party so stipulates, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

It is further ORDERED that counsel for the parties may request modification of this order by further order of this Court. Prior to filing any request for modification, counsel shall consult counsel for the opposing party and counsel for Evert R. Hawk, II to seek their consent.

It is further ORDERED that the Clerk will transmit copies of the Court's letter and this Order to counsel for the parties and to counsel for non-party Evert R. Hawk, II.

/S/
Matthew J. Maddox
United States Magistrate Judge